IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOEL BACA, MICHAEL LACKEY,
GERALD SALAZAR and THOMAS
ULIBARRI,

       **Plaintiffs,**

vs.                                                    Civil No. 09-0221 DJS/RHS

FISHER SAND and GRAVEL, CO., and
FISHER SAND and GRAVEL- NEW MEXICO,
INC., d/b/a SOUTHWEST ASPHALT PAVING,

       **Defendants.**


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Remand with Consolidated Memorandum of Points and Authorities **[Doc. No. 11]** filed on April 13, 2009, and fully briefed on May 4, 2009. Plaintiffs move the Court for an order remanding this action to the Fourth Judicial District Court, San Miguel County, New Mexico. Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion to remand is not well taken and will be **DENIED**.

### I. Factual and Procedural Background

Plaintiffs originally filed their Complaint in the Fourth Judicial District Court of New Mexico on February 3, 2009. Plaintiffs' Complaint alleges common law claims of invasion of privacy, defamation, negligence, breach of contract, and claims of employment discrimination under the New Mexico Human Rights Act. *See* Notice of Removal, Ex. A (Doc. No. 1). Plaintiffs are citizens of the State of New Mexico. Plaintiffs contend they have not asserted any

federal causes of action. Plaintiffs identify two defendants, Fisher Sand & Gravel Company (FS&G), a North Dakota corporation, and Fisher Sand & Gravel-New Mexico, Inc. (FS&G-NM), a New Mexico corporation.

On March 6, 2009, Defendants filed their Notice of Removal. In their Notice of Removal, Defendants claimed Plaintiffs had fraudulently joined FS&G-NM to defeat diversity jurisdiction. FS&G-NM contends it is a non-diverse defendant and not involved in the present dispute. FS&G-NM further contends it was incorporated in New Mexico in late 2004 to eventually do business in New Mexico and to take advantage of the bidder preference laws in New Mexico. However, FS&G-NM contends it has never conducted any business and did not have any employees or assets at the time of Plaintiffs' termination. Accordingly, FS&G-NM contends Plaintiffs state no claims for which relief could be granted against it, the non-diverse party.

## II. Discussion

Defendants removed this case to this Court pursuant to 28 U.S.C. §1446, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332(a) based on diversity of citizenship. Under §1332(a), this court has diversity jurisdiction if the parties are citizens of different states, and the amount of controversy exceeds the sum of $75,000, exclusive of interest and costs. Diversity between the parties must be complete. *See Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). After removal, a plaintiff may attack removal by filing a motion to remand the case back to state court. *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1076 (10th Cir. 1999).

"It is well established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as

limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). Where a case was originally filed in state district court, a presumption exists against removal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). "[A]ll doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). "As the parties invoking the federal court's jurisdiction in this case, defendants bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present." *Martin*, 251 F.3d at 1290.

Fraudulent joinder of a non-diverse defendant creates an exception to the requirement of complete diversity and allows the Court to disregard the citizenship of the non-diverse party and retain jurisdiction without regard to his/her citizenship. However, FS&G bears a heavy burden of proving FS&G-NM has been fraudulently joined. *Montano v. Allstate Indemnity*, No. 99-2225, 211 F.3d 1278, 2000 WL 525592 (10th Cir. April 14, 2000)(unpublished) at *1 ("The case law places a heavy burden on the party asserting fraudulent joinder.").[1] Fraudulent joinder must be pleaded with particularity and proven with certainty. *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956).

"[A] fraudulent joinder analysis [is] a jurisdictional inquiry." *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004). In cases where fraudulent joinder is claimed, the Court of Appeals for the Tenth Circuit directs courts to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.* 329 F.2d 82, 85 (10th Cir. 1964)(citations omitted). Defendants contend

---

[1] *Montano* is cited for its persuasive value pursuant to 10th Cir.R. 32.1(A).

Plaintiff cannot plead a cause of action against FS&G-NM, the non-diverse defendant. To prove this type of fraudulent joinder, a removing party

> must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, [the court] must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. [The courts] are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)(quotation omitted) (quoted in *Montano v. Allstate Indemnity*, 2000 WL 525592 at *1-2 ). "This standard is more exacting than that for dismissing a claim under FED.R.CIV.P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate*, 2000 WL 525592 at *2. Moreover, "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 853 (3d Cir. 1992)(quoted in *Montano v. Allstate*, 2000 WL 525592 at *2.). If the removing defendant fails to establish a basis for diversity jurisdiction, the Court must remand the case to state court without ruling further on the matter. *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

Defendants contend Plaintiffs fraudulently joined FS&G-NM, a New Mexico Corporation, for the purpose of defeating diversity jurisdiction. Applying the test set forth in *Montano*, the Court must determine whether there is no possibility that Plaintiffs could establish a cause of action against FS&G-NM in state court, resolving all disputed questions of fact and all ambiguities in the controlling law in favor of Plaintiffs. Remand is required if any one of the claims that Plaintiffs assert against FS&G-NM is possibly viable.

4

**A.  New Mexico Human Rights Act**

Plaintiffs assert claims against both defendants under the New Mexico Human Rights Act (NMHRA), alleging discrimination based on race or national origin.  Plaintiffs also contend that the NMHRA makes it an unlawful discriminatory practice for "any person or employer" to aid or abet such discrimination.  Pls.' Mot. Remand at 5 (citing N.M.Stat.Ann. §28-1-7(I)).  According to Plaintiffs, §28-1-7(I) would indicate that liability under the NMHRA is not restricted to employers and expressly recognizes and imposes liability on entities which act in concert with others to commit discriminatory practices in violation of the NMHRA.  *Id.*  Plaintiff also argue that, although there is no New Mexico case law under the NMHRA which imposes liability based on an "integrated operation theory" as alleged in their complaint, the NMHRA is structured in such a way that it is more likely than not that liability for integrated operations, involving two or more entities would be recognized by New Mexico courts.  *Id.*

In support of their "integrated operation theory," Plaintiffs cite to Tenth Circuit case law, arguing that New Mexico courts look to federal case law for guidance in interpreting the NMHRA.  *See Smith v. FDC Corp.*, 109 N.M. 514, 517, 787 P.2d 433, 436 (1990)(noting NMHRA tracks language of the federal Civil Rights Act of 1964 and turning for guidance to United States Supreme Court's consideration of issue not previously addressed by a New Mexico court); *see also Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 2002-NMSC-004, at ¶8, 131 N.M. 607, 41 P.3d 333 ("In interpreting our state Human Rights Act, we have previously indicated that it is appropriate to rely upon federal adjudication for guidance in analyzing a claim under the Act . . . .").  Because Tenth Circuit case law has recognized the single-employer test which "asks whether two nominally separate entities should in fact be treated as an integrated enterprise" such that the two entities effectively constitute a single employer, *Bristol v. Board of*

5

*County Com'rs of County of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir.2002), Plaintiffs argue that New Mexico courts would, more likely than not, impose liability on FS&G-NM based on an integrated operation theory.

In *Bristol*, the Tenth Circuit addressed the application of the single employer test for the purpose of determining the proper employer-defendant in an employment discrimination case.[2] The *Bristol* court weighed four factors: (1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control. *Id.* at 1220. The third factor, centralized control of labor relations, i.e., control of employment decisions, is the most important factor. The *Bristol* court noted the Fifth Circuit's observation that, in applying the single employer test, "courts have focused almost exclusively on one question: which entity made the final decisions regarding employment matters relating to the person claiming discrimination?" *Id.* (quoting *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 617 (5th Cir. 1999)). Ultimately, the *Bristol* court held that if a named defendant lacks the "power to control the hiring, termination, or supervision of" a plaintiff-employee "or otherwise [to] control the terms and conditions of their employment," then that defendant is not an employer for the purpose of an employment discrimination claim. *Bristol*, 312 F.3d at 1215, 1221.

In this case, Plaintiffs contend defendants do business in New Mexico through integrated operations as evidenced by the common management of both companies. According to Plaintiffs, the New Mexico Public Regulation Commission/State Corporation website indicates

---

[2] Although *Bristol* addressed a claim under the American with Disabilities Act of 1990, 42 U.S.C. §§12102-12213, nonetheless, it applied the term "employer" as that term is defined in Title VII. *Bristol*, 312 F.3d at 1217.

the following: (1) the directors and officers of FS&G and FS&G-NM are identical; (2) the sole director for both corporations is identified as Thomas Fisher; (3) the President of both corporations is identified as Thomas Fisher; (4) the Vice-President of both corporations is identified as Michael Fisher; (5) the Secretary of both corporations is identified as Clyde Frank; (6) the Treasurer for both corporations is identified as Amiel Schaff; (7) both companies identify their principle address within the State of New Mexico at 30A Frontage Road East, Placitas, New Mexico. Pls.' Mot. Remand at 4; Ex. A & B. Additionally, Plaintiffs contend the same website indicates Fisher Industries, an unincorporated entity, also shares common management with defendants. *Id.* Mike Moehn is identified as Vice-President for Fisher Industries, along with Tommy Fisher, President. Mike Moehn is also identified as the Vice-President of FS&G-NM. *Id.*; Ex. C.

Plaintiffs further contend FS&G-NM was established to allow FS&G to take advantage of resident bidding processes allowed under New Mexico law. Plaintiffs argue the sole purpose of FS&G-NM is to facilitate and promote the business of FS&G within the state of New Mexico by providing FS&G a competitive advantage over non-resident competitors. Therefore, Plaintiffs maintain that because FS&G-NM and FS&G share common ownership, common management, a common business purpose and a common work site, FS&G-NM is indistinguishable from FS&G.

Defendants counter that FS&G-NM cannot be held liable under the NMHRA. Defendants maintain that FS&G-NM is a wholly-owned subsidiary of FS&G, the parent company employer, and has no assets or employees and, as of the alleged date of Plaintiffs' termination, FS&G-NM had never conducted any business. Defs.' Notice of Removal; Ex. B (Moehn Aff.). Nonetheless, defendants argue that, even if the integrated enterprise theory could

7

apply to hold a subsidiary corporation liable for the acts of its parent, Plaintiffs failed to show that FS&G-NM "kept the books for [FS&G], issued checks for [FS&G], paid bills for FS&G, had common employees as [FS&G], or controlled the hiring, firing, or other terms and conditions of employment for persons employed by [FS&G]."  Defs.' Response at 5.

In their reply to Defendants' response, Plaintiffs contend "a third, non-corporate entity actually made the hiring and firing decisions and established the questioned drug testing policy on behalf of both corporate defendants."  Pls.' Reply at 2.  Plaintiffs contend they can show "that this third entity known as 'Fisher Industries'– doing business in New Mexico as both [FS&G-NM] and [FS&G] – actually made hiring decisions for both corporate defendants, promulgated the drug policy at issue and made the decision to fire [Plaintiffs]."  *Id.*; Ex. 1.  Plaintiffs also contend Fisher Industries replied to the NMHRA charges Plaintiffs filed.   Hence, Plaintiffs argue that the identity of their employer is a question of fact to be determined by evidentiary proceedings, and thus the Court cannot find that Plaintiffs cannot state a cause of action against FS&G-NM as a matter of law.  *Id.* at 3.

Plaintiffs' evidence shows that FS&G-NM and FS&G share the same officers and directors and place of business.  Plaintiffs also have shown that a third entity, Fisher Industries, made the hiring and firing decisions for both FS&G-NM and FS&G.  However, Fisher Industries is not named as a defendant.  Significantly, Plaintiffs have not shown that FS&G-NM had any control over the labor relations of FS&G, which is highly determinative under the single-employer test.

Generally, "determining whether an entity qualifies as an employer is a fact issue for the jury." *Bristol,* 312 F.3d at 1221 (quoting *Bristol v. Bd. of County Comm'rs*, 281 F.3d 1148, 1165 (10th Cir.)*, rev'd in part on other grounds*, 312 F.3d 1213 (10th Cir.2002) (en banc)).

8

Notwithstanding, because Plaintiffs have not shown an employment relationship between Plaintiffs and FS&G-NM, none of the evidence presented by Plaintiffs would permit a reasonable fact finder to conclude that FS&G-NM was their employer. *Bristol*, 312 F.3d at 1221. Accordingly, the Court finds that there is no possibility that Plaintiffs could establish a cause of action based on an "integrated operations theory" under the NMHRA against FS&G-NM in state court.

Defendants also contend Plaintiffs' cannot maintain a cause of action in state court against FS&G-NM under the NMHRA on an aiding and abetting theory because Plaintiffs failed to plead this theory in their complaint. Plaintiffs failed to respond to this contention in their reply. However, the Court construed Plaintiffs' discussion of §28-1-7(I) in their motion to remand to show that liability under the NMHRA was not restricted to employers so as to bolster their "integrated operations theory." Notwithstanding, a review of Plaintiffs' complaint indicates that Plaintiffs made no allegations that FS&G-NM was liable under the NMHRA for aiding and abetting discrimination by FS&G. Thus, there is no possibility that Plaintiffs could establish a cause of action based on an aiding and abetting theory under the NMHRA against FS&G-NM in state court.

Finally, defendants contend Plaintiffs failed to exhaust their administrative remedies as to FS&G-NM, a prerequisite to filing an action under the NMHRA. *Luboyeski v. Hill*, 117 N.M. 380, 382, 872 P.2d 353, 355 (1994)("However, individual defendants cannot be sued in district court under the Human Rights Act unless and until the complainant exhausts her administrative remedies against them."). "The official charge [of discrimination] is 'the primary, and usually the only, place to which courts look to determine whether a plaintiff timely and properly exhausted her claims before the EEOC.'" *McDonald v. Corrections Corp. Of American*, 181

9

F.Supp.2d 1274, 1278 (D.N.M. 2002)(quoting *Welsh v. City of Shawnee*, 182 F.3d 934, 1999 WL 345597, at *5 (10th Cir. June 1, 1999) (unpublished)).

Plaintiffs contend they did not "fully identify" FS&G-NM or FS&G in their administrative charge and thus "both corporations are fairly identified by the same charge." Pls.' Reply at 2. Additionally, Plaintiffs argue that "because the common ownership, common management, common place of business, common operations, common business purposes and common employment policies of the two corporate defendants objectively evidence the integrated operation of the defendants, plaintiff[s], in fact properly joined both defendants." Pls.' Reply at 2.

However, the four "Charge of Discrimination" forms filed with the New Mexico Human Right Division indicates that Plaintiffs named two employers, FS&G and Southwest Asphalt Paving. Defs.' Response at 8; Ex. A (Plaintiffs' Charges of Discrimination). Under the NMHRA,

> A person claiming to be aggrieved by an unlawful discriminatory practice . . . may file with the human rights division of the labor department a written complaint that shall state the name and address of the person[3] alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required by the commission.

N.M.Stat.Ann. §28-1-10(A). Moreover, once the charging complaint is filed, "[t]he director shall advise the respondent that a complaint has been filed against the respondent and shall furnish the respondent with a copy of the complaint." N.M.Stat.Ann. 28-1-10(B). Thus, the "Charge of Discrimination" serves as notice to the employer charged with a discriminatory practice. *See Welsh*, 1999 WL 345597, at * 2 ("The charge tells the EEOC what to investigate,

---

[3] Under the NMHRA "a person" includes a corporation. N.M.Stat.Ann. §28-1-2(A).

provides it with the opportunity to conciliate the claim, and gives the charged party notice of the alleged violation."). In this case, Plaintiffs failed to name FS&G-NM in their Charge of Discrimination forms. Therefore, Plaintiffs failed to exhaust their administrative remedies as to FS&G-NM and thus are precluded from bringing an action under the NMHRA against FS&G-NM in state court.

## **B.  Common Law Claims**

"[T]he factual predicate of plaintiffs' common law claims is that Defendants [FS&G] and [FS&G-NM] constitute a common enterprise under a number of agency theories, including partnership, joint venture, respondeat superior and conspiracy. The demonstrated joint ownership, management, control and common purpose of the defendant entities are sufficient to establish a viable claim against FS&G-NM." Pls.' Mot. Remand at 7. Additionally, Plaintiffs contend defendants "share headquarters, share property, share employees, share managers and share employment policies." Pls.' Reply at 4.

As previously noted, FS&G-NM is a wholly-owned subsidiary of FS&G, the parent company employer, and has no assets or employees and, as of the alleged date of Plaintiffs' termination, FS&G-NM had never conducted any business. Defs.' Notice of Removal; Ex. B (Moehn Aff.). Plaintiffs have not presented evidence showing defendants shared employees or managers or even that FS&G-NM conducted any business in New Mexico prior to the date of their terminations or that FS&G-NM exerted any control over FS&G's decision-making. The fact that corporations have common officers and directors, or both, is not sufficient by itself to render a parent liable for its subsidiary's actions. *Scott v. AZL Resources, Inc.,* 107 N.M. 118, 121-22, 753 P.2d 897, 900-01 (1988). In this case, Plaintiffs seek to find FS&G-NM, the subsidiary corporation, liable for the alleged wrongdoings of it parent, FS&G. Based on the

11

evidence Plaintiffs presented, Plaintiffs cannot support their common law claims.  Accordingly, the Court finds that there is no possibility that Plaintiffs could maintain a cause of action under any of their common law theories against FS&G-NM in state court.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **DENIED.**

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**